JEFFREY W. KRAMER (SBN 71547)
Email:jkramer@troygould.com
ANNMARIE MORI (SBN 217835)
Email:amori@troygould.com
TROYGOULD PC
1801 Century Park East, 16th Floor
Los Angeles, CA 90067-2367
Telephone:   (310) 553-4441
Facsimile:    (310) 201-4746

Attorneys for Plaintiffs
Broadcast Music, Inc.; Welsh Witch Music; Coral Reefer Music; Sony/ATV Songs LLC; Unichappell Music Inc.; Sloopy II Inc. D/B/A Sloopy II Music; Bocephus Music, Inc.; Warner-Tamerlane Publishing Corp.; Big Yellow Dog LLC D/B/A International Dog Music; and Scamporee Music

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BROADCAST MUSIC, INC.; WELSH WITCH MUSIC; CORAL REEFER MUSIC; SONY/ATV SONGS LLC; UNICHAPPELL MUSIC INC.; SLOOPY II INC. d/b/a SLOOPY II MUSIC; BOCEPHUS MUSIC, INC.; WARNER-TAMERLANE PUBLISHING CORP.; BIG YELLOW DOG LLC d/b/a INTERNATIONAL DOG MUSIC; SCAMPOREE MUSIC,<br><br>Plaintiffs,<br>v.<br><br>JEFFREY ALAN HATHCOCK, individually and d/b/a ROCK N' HORSE SALOON; and JANET HAYRE, individually and d/b/a ROCK N' HORSE SALOON,<br><br>Defendants. | Case No.<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT |

**TroyGould PC**

COMPLAINT FOR COPYRIGHT INFRINGEMENT

03202-0061 290273.1

Plaintiffs Broadcast Music, Inc., Welsh Witch Music, Coral Reefer Music, Sony/ATV Songs LLC, Unichappell Music Inc., Sloopy IIInc. D/B/A Sloopy II Music, Bocephus Music, Inc., Warner-Tamerlane Publishing Corp., Big Yellow Dog LLC D/B/A International Dog Music and Scamporee Music ("collectively, "Plaintiffs") by their attorneys, for their Complaint for Copyright Infringement against Defendants Jeffrey Alan Hathcock, individually and d/b/a Rock N' Horse Saloon; and Janet Hayre, individually and d/b/a Rock N' Horse Saloon (collectively, Defendants"), allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

## I.

## JURISDICTION AND VENUE

1. This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## II.

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI"), is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 10.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Welsh Witch Music is a sole proprietorship owned by Stephanie Nicks. This Plaintiff is the copyright owner of at least one of the songs in this matter.

**TroyGould PC**

1

COMPLAINT FOR COPYRIGHT INFRINGEMENT

03202-0061 290273.1

6. Plaintiff Coral Reefer Music is a sole proprietorship owned by James W. Buffett. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Sony/ATV Songs, LLC is a limited liability company. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff Unichappell Music Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Sloopy II Inc. is a corporation doing business as Sloopy II Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Bocephus Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Warner-Tamerlane Publishing Corp. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Big Yellow Dog LLC is a limited liability company doing business as International Dog Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Scamporee Music is a sole proprietorship owned by Darrell De Shawn Camp. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Defendant, Jeffrey Alan Hathcock, operates, maintains and controls an establishment known as Rock N' Horse Saloon, located at 1742 Tulare Avenue, Tulare, CA 93274, in this district. In connection with the operation of this business, Defendant publicly performs musical compositions and/or causes musical compositions to be publicly performed.

15. Defendant, Jeffrey Alan Hathcock, as an owner of Rock N' Horse Saloon has a direct financial interest in the establishment and the right and ability to supervise its employees.

16. Defendant, Janet Hayre, operates, maintains and controls an establishment known as Rock N' Horse Saloon, located at 1742 Tulare Avenue, Tulare, CA 93274, in

1  this district.  In connection with the operation of this business, Defendant publicly
2  performs musical compositions and/or causes musical compositions to be publicly
3  performed.

4     17.   Defendant, Janet Hayre, as an owner of Rock N' Horse Saloon has a direct
5  financial interest in the establishment and the right and ability to supervise its
6  employees.

## III.
## CLAIMS OF COPYRIGHT INFRINGEMENT

18.   Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

19.   Since July 2015, BMI has reached out to Defendants over forty-five (45) times, by phone, mail and email, in an effort to educate Defendants as to their obligations under the Copyright Act with respect to the necessity of purchasing a license for the public performance of musical compositions in the BMI repertoire.   Included in the letters were Cease and Desist Notices, providing Defendants with formal notice that they must immediately cease all use of BMI-licensed music in the Establishment.

20.   Plaintiffs allege five (5) claims of willful copyright infringement, based upon Defendants' unauthorized public performance of musical compositions from the BMI Repertoire.  All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts.  Joinder of these claims will promote the convenient administration of justice and will avoid a multiplicity of separate, similar actions against Defendants.

21.   Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendants.  The Schedule contains information on the five (5) claims of copyright infringement at issue in this action.  Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical

**TroyGould PC**

3
COMPLAINT FOR COPYRIGHT INFRINGEMENT

03202-0061 290273.1

1  composition related to that claim; Line 3 identifying the writer(s) of the musical
2  composition; Line 4 identifying the publisher(s) of the musical composition and the
3  plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which
4  the copyright registration was issued for the musical composition; Line 6 indicating the
5  copyright registration number(s) for the musical composition; Line 7 showing the
6  date(s) of infringement; and Line 8 identifying the Establishment where the
7  infringement occurred.

8      22.    For each work identified on the Schedule, the person(s) named on Line 3
9  was the creator of that musical composition.

10      23.    For each work identified on the Schedule, on or about the date(s) indicated
11  on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest),
12  complied in all respects with the requirements of the Copyright Act and received from
13  the Register of Copyrights Certificates of Registration bearing the number(s) listed on
14  Line 6.

15      24.    For each work identified on the Schedule, on the date(s) listed on Line 7,
16  Plaintiff BMI was (and still is) the licensor of the public performance rights in the
17  musical composition identified on Line 2.  For each work identified on the Schedule, on
18  the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner
19  of the copyright in the respective musical composition listed on Line 2.

20      25.    For each work identified on the Schedule, on the date(s) listed on Line 7,
21  Defendants publicly performed and/or caused to be publicly performed at the
22  Establishment the musical composition identified on Line 2 without a license or
23  permission to do so.  Thus, Defendants have committed copyright infringement.

24      26.    The specific acts of copyright infringement alleged in the Complaint, as
25  well as Defendants' entire course of conduct, have caused and are causing Plaintiffs
26  great and incalculable damage.  By continuing to provide unauthorized public
27  performances of works in the BMI Repertoire at the Establishment, Defendants threaten
28  to continue committing copyright infringement.  Unless this Court restrains Defendants

1 from committing further acts of copyright infringement, Plaintiffs will suffer irreparable
2 injury for which they have no adequate remedy at law.

3     27.    Plaintiffs seek statutory damages pursuant to 17 U.S.C. § 504. Plaintiffs
4 further seek an order that Defendants be enjoined, pursuant to 17 U.S.C. § 502 from
5 infringing, in any manner, the copyrighted musical compositions licensed by BMI.

6     WHEREFORE, Plaintiffs pray that:

7     (I)    Defendants, their agents, servants, employees, and all persons acting under
8 their permission and authority, be enjoined and restrained from infringing, in any
9 manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C.
10 Section 502;

11     (II)    Defendants be ordered to pay statutory damages, pursuant to 17 U.S.C.
12 Section 504(c);

13     (III)    Defendants be ordered to pay costs, including a reasonable attorney's fee,
14 pursuant to 17 U.S.C. Section 505; and

15     (IV)    Plaintiffs have such other and further relief as is just and equitable.

16 Dated: February 9, 2017     JEFFREY W. KRAMER
    ANNMARIE MORI
17     TROYGOULD PC

19     By:/s/ AnnMarie Mori
20     AnnMarie Mori
    Attorneys for Plaintiffs
    Broadcast Music, Inc.; Welsh Witch Music;
21     Coral Reefer Music; Sony/ATV Songs LLC;
    Unichappell Music Inc.; Sloopy II Inc. D/B/A
22     Sloopy II Music; Bocephus Music, Inc.;
    Warner-Tamerlane Publishing Corp.; Big
23     Yellow Dog LLC D/B/A International Dog
    Music; and Scamporee Music

**TroyGould PC**

5
COMPLAINT FOR COPYRIGHT INFRINGEMENT

03202-0061 290273.1

# Schedule

| | | |
|---|---|---|
| Line 1 | Claim No. | 1 |
| Line 2 | Musical Composition | Dreams |
| Line 3 | Writer(s) | Stevie Nicks |
| Line 4 | Publisher Plaintiff(s) | Stephanie Nicks, an individual d/b/a Welsh Witch Music |
| Line 5 | Date(s) of Registration | 4/1/77     8/22/77 |
| Line 6 | Registration No(s). | Eu 772675   Ep 373129 |
| Line 7 | Date(s) of Infringement | 7/12/2016 |
| Line 8 | Place of Infringement | Rock N' Horse Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 2 |
| Line 2 | Musical Composition | Margaritaville |
| Line 3 | Writer(s) | James William Buffett a/k/a Jimmy Buffett |
| Line 4 | Publisher Plaintiff(s) | James W. Buffett, an individual d/b/a Coral Reefer Music |
| Line 5 | Date(s) of Registration | 2/14/77     2/22/80 |
| Line 6 | Registration No(s). | Eu 763463    PA 59-700 |
| Line 7 | Date(s) of Infringement | 7/12/2016 |
| Line 8 | Place of Infringement | Rock N' Horse Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 3 |
| Line 2 | Musical Composition | Piece of My Heart |
| Line 3 | Writer(s) | Bert Berns; Jerry Ragovoy |
| Line 4 | Publisher Plaintiff(s) | Sony/ATV Songs LLC; Unichappell Music Inc.; Sloopy II Inc. d/b/a Sloopy II Music |
| Line 5 | Date(s) of Registration | 10/12/67 |
| Line 6 | Registration No(s). | Eu 19125 |
| Line 7 | Date(s) of Infringement | 7/12/2016 |
| Line 8 | Place of Infringement | Rock N' Horse Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 4 |
| Line 2 | Musical Composition | Blues Man |
| Line 3 | Writer(s) | Hank Williams, Jr. |
| Line 4 | Publisher Plaintiff(s) | Bocephus Music, Inc. |
| Line 5 | Date(s) of Registration | 4/16/80 |
| Line 6 | Registration No(s). | PA 65-258 |
| Line 7 | Date(s) of Infringement | 7/12/2016 |
| Line 8 | Place of Infringement | Rock N' Horse Saloon |

| | | |
|---|---|---|
| Line 1 | Claim No. | 5 |
| Line 2 | Musical Composition | Love Done Gone |
| Line 3 | Writer(s) | Shawn Camp; Marv Green |
| Line 4 | Publisher Plaintiff(s) | Warner-Tamerlane Publishing Corp.; Big Yellow Dog LLC d/b/a International Dog Music; Darrell De Shawn Camp d/b/a Scamporee Music |
| Line 5 | Date(s) of Registration | 5/17/11 |
| Line 6 | Registration No(s). | PA 1-736-904 |
| Line 7 | Date(s) of Infringement | 7/12/2016 |
| Line 8 | Place of Infringement | Rock N' Horse Saloon |